Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUIS RUEMUELLE GARCÍA<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202500254 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Solicitud de remedio administrativo<br><br>Solicitud núm.: GMA500-179-25 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

El presente recurso de revisión procedemos a desestimarlo por no ser justiciable. Veamos.[1]

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales del caso.

El **28 de febrero de 2025** el Sr. Luis Ruemuelle García ("señor Ruemuelle García o recurrente") presentó ante el Departamento de Corrección y Rehabilitación ("DCR") una *Solicitud de Remedio Administrativo* con el número solicitud *GMA500-179-25*.[2] En esta, adujo que se encontraba en el programa de reinserción a la libre comunidad hasta que se presentó en su contra la querella *núm. 418-23-001*,[3] y fue ingresado a una institución correccional. Señaló que,

---

[1] Este recurso fue presentado antes de la implementación del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Por lo que, haremos referencia al Reglamento del Tribunal de Apelaciones (2004), 4 LPRA Ap. XXII-B. Sin embargo, para referencia incluiremos las citas referentes a las nuevas normas reglamentarias.
[2] Anejo 1 del Recurrente.
[3] Anejo 2 del Recurrente.

Número Identificador
SEN2025_____

luego fue trasladado a la institución correccional Guayama Anexo 500, sin que le asignaran un Técnico Sociopenal. Por ello, añadió que continuaba ingresado, a pesar de haber tomado las terapias correspondientes y cumplido con el término requerido para ser considerado por segunda ocasión al programa de reinserción a la libre comunidad. Por lo tanto, solicitó el traslado a dicho programa.

El **29 de abril de 2025**, el señor Ruemuelle García acudió ante este Tribunal Apelativo por derecho propio. En el escrito: *Moci[ó]n De Incumplimiento,* reiteró su petitorio y adujo que había cumplido con los meses y las terapias requeridas por las normas reglamentarias del DCR para ser enviado nuevamente al programa de reinserción a la libre comunidad. Al evaluar dicho recurso, el **15 de mayo de 2025** emitimos una *Resolución,* en la cual le concedimos un plazo de 10 días al recurrente para que presentara la *Respuesta* del DCR a su solicitud de remedio administrativo.

Transcurrido el término sin la presentación del documento, y con el propósito de lograr el más justo y eficiente despacho de los procedimientos, prescindimos de solicitar la comparecencia del DCR.[4]

**-II-**

El ejercicio de la función revisora de los tribunales está gobernado por doctrinas de autolimitación, entre las cuales se encuentra la doctrina de justiciabilidad. Dicha doctrina, en síntesis, persigue evitar emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. En otras palabras, los tribunales existen para atender

---

[4] A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (2004), 4 LPRA Ap. XXII-B, R. 7(B)(5).; Véase, además; Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

casos que planteen controversias reales, o sea que sean justiciables.[5]

En cuanto el contenido de un recurso de revisión judicial, la Regla 59 de nuestro Reglamento, establece los criterios necesarios para que podamos atenderlo.[6]

Aunque este Foro Apelativo comprende y es sensible a la política pública de acceso judicial, es importante destacar que las disposiciones reglamentarias sobre los recursos que se presentan ante el Tribunal de Apelaciones ***deben observarse***.[7] Por lo que las partes están ***obligadas*** a cumplirla fielmente. En otras palabras, el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos ***no puede quedar al arbitrio de una parte para decidir qué disposiciones reglamentarias deben acatarse y cuándo***.[8] En ese sentido, la parte que acude por ***derecho propio*** no puede utilizar como subterfugio tal comparecencia para incumplir con las normas procesales, esto en cuanto a ***la presentación*** y perfeccionamiento de los recursos.[9]

En consecuencia, la Regla 83(C) del Reglamento del Tribunal de Apelaciones permite que este foro desestime a iniciativa propia aquellos recursos en los que ***no se ha proseguido con diligencia***.[10]

**-III-**

Nos encontramos ante un recurso que claramente no es justiciable. El señor Ruemuelle García no ha provisto la información

---

[5] *CEE v. Dpto. de Estado*, 134 DPR 927, 934 – 935 (1993).

[6] Reglamento del Tribunal de Apelaciones (2004), 4 LPRA Ap. XXII-B, R. 59. Véase, además, la Regla 59 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 81–86, 215 DPR __ (2025).

[7] *Arriaga v. FSE*, 145 DPR 122, 129 – 130 (1998); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 – 91 (2013). *Énfasis nuestro.*

[8] *Íd. Énfasis nuestro.*

[9] *Febles v. Romar*, 159 DPR 714, 722 (2003).

[10] Reglamento del Tribunal de Apelaciones (2004), 4 LPRA Ap. XXII-B, R. 83(C). Véase, además la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025).

necesaria para colocar a este Foro Apelativo en posición de atender los méritos de su recurso. Tampoco contamos con anejos que nos permitan determinar nuestra jurisdicción, por lo que no podemos considerar su petición. Además, notamos que no señala ni discute error alguno, ni argumenta sobre base de ley, reglamento o jurisprudencia que podamos considerar, por lo que procedemos a desestimarlo.

**-IV-**

Por los fundamentos antes expresados, **desestimamos** el recurso de epígrafe.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones